IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY D. DAVIS, SR.,

                    **Plaintiff,**

  v.                                              **1:15-cv-134-WSD**

NORTHWESTERN MEMORIAL
HOSPITAL and DEAN M.
HARRISON,

                    **Defendants.**

## OPINION AND ORDER

On January 15, 2015, Plaintiff Larry D. Davis, Sr. ("Plaintiff") filed his

Application for Leave to Proceed *In Forma Pauperis* [1] ("Application") in this

action.  On February 6, 2015, Magistrate Judge E. Clayton Scofield granted [2]

Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the

required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, in his Complaint, states that he is bringing this action pursuant to

42 U.S.C. § 1395dd(b-c),[1] 18 U.S.C. §§ 1957 and 1028, and the Fourth

---

[1]    The Magistrate Judge, in his February 6, 2015, Order, incorrectly identified
the statute as 42 U.S.C. § 1395, a provision of the Social Security Act that
prohibits federal officers or employees from exercising "any supervision or control

Amendment.  (Compl. at 1).  Plaintiff alleges also that the Court "has jurisdiction of this matter by virtue of the fact that the parties are citizens of different states and the damages being claimed exceed a million dollars."  (Id.).[2]

Plaintiff, in his Complaint, alleges that, in April or May 2013, he experienced a "seizure and major stroke" and was taken to the emergency room at Northwestern Memorial Hospital ("Defendant").  (Compl. at 1; Aff. [3.1] at 1). Plaintiff alleges that Defendant, upon learning that Plaintiff did not have health insurance, "conspired to dump plaintiff."  (Compl. at 1).  Plaintiff alleges that Defendant used a "false identity to prepare f[a]lse documents that they used to transfer plaintiff to a nursing home twice and finally to a homeless shelter."  (Id.). Plaintiff contends that Defendant engaged in "dumping" by forcing him to go to a homeless shelter instead of treating his injuries.  (See id. at 2).  Plaintiff demands damages in the amount of $25 million.  (Id. at 2).

---

over the practice of medicine or the manner in which medical services are provided . . . ."  (February 6, 2015, Order [2], at 2).
[2]    On January 15, 2015, Plaintiff filed an action, docketed as 1:15-cv-135, that is nearly identical to the action presently before the Court.  The defendant in that action was "Norwegian American Hospital."  On May 21, 2015, the Court ordered Plaintiff to file an amended complaint providing sufficient information for the Court to determine whether it has personal jurisdiction over Norwegian American Hospital.  (May 21, 2015, Order).  When Plaintiff failed to respond by the required deadline, the Court dismissed his complaint without prejudice.  (July 2, 2015, Order).

42 U.S.C. § 1395dd, known as the Emergency Medical Treatment and Active Labor Act ("EMTALA"), "was enacted to prevent 'patient dumping,' the publicized practice of some hospitals turning away or transferring indigent patients without evaluation or treatment." Harry v. Marchant, 291 F.3d 767, 768 (11th Cir. 2002). "Under EMTALA, when an individual presents for treatment at the emergency department of a hospital, the hospital must provide an appropriate medical screening to determine whether an emergency medical condition exists. If an emergency medical condition is determined to exist, the hospital ordinarily must provide stabilization treatment before transferring [or discharging] the patient." Id.[3] To the extent that Plaintiff seeks to assert a claim pursuant to the EMTALA, the Court has federal-question jurisdiction, and need not determine whether Plaintiff and Defendant are citizens of different states. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiff, however, did not plead sufficient facts for the Court to determine if it has personal jurisdiction over Defendant and whether venue is appropriate in the United States District Court for the Northern District of Georgia. The Court notes

---

[3]      18 U.S.C. §§ 1957 and 1028 are criminal statutes that do not provide causes of action to civil plaintiffs.

that Plaintiff does not allege where this incident occurred, and the Court, in

searching for an entity named "Northwestern Memorial Hospital" has located only

the well-known hospital located in Chicago, Illinois.[4]  The Court thus assumes,

based on the allegations in the Complaint, that the incident occurred in Chicago,

Illinois, and that Defendant operates in Chicago, Illinois, and not in Georgia.

Plaintiff also does not assert any factual allegations or claims against defendant

Dean M. Harrison, and merely lists him as a defendant in the caption of the

Complaint.  Plaintiff did not plead sufficient facts for the Court to determine if it

has personal jurisdiction over Mr. Harrison and whether venue is appropriate in the

United States District Court for the Northern District of Georgia.

     The Court, thus, requires further information regarding Defendant and Mr.

Harrison to determine whether Plaintiff's Complaint should be dismissed pursuant

to 28 U.S.C. § 1915(e)(2)(B).[5]

     Accordingly, for the foregoing reasons,

     **IT IS HEREBY ORDERED** that Plaintiff Larry D. Davis, Sr. shall file, on

or before January 15, 2016, an amended complaint that provides the Court with

---

[4]     http://nmhc.nm.org/about-us.html

[5]     The Court notes further that Plaintiff's Complaint fails to comply with Rule
10 of the Federal Rules of Civil Procedure, insofar as Plaintiff's Complaint is not
broken into numbered paragraphs, "each limited as far as practicable to a single set
of circumstances."  Fed. R. Civ. P. 10(b).

sufficient information for the Court to determine whether it has personal jurisdiction over Defendant Northwestern Memorial Hospital and defendant Dean M. Harrison and whether venue is appropriate in the United States District Court for the Northern District of Georgia.  Failure to comply with this Order shall result in dismissal of this action pursuant to Local Rule 41.3A(2).

**SO ORDERED** this 14th day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE