IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY D. DAVIS, SR.,

              Plaintiff,

v.

NORTHWESTERN MEMORIAL
HOSPITAL and DEAN M.
HARRISON,

              Defendants.

1:15-cv-134-WSD

## OPINION AND ORDER

On January 15, 2015, Plaintiff Larry D. Davis, Sr. ("Plaintiff") filed his Application for Leave to Proceed *In Forma Pauperis* [1] ("Application") in this action. On February 6, 2015, Magistrate Judge E. Clayton Scofield granted [2] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, in his Complaint, states that he is bringing this action pursuant to 42 U.S.C. § 1395dd(b-c),[1] 18 U.S.C. §§ 1957 and 1028, and the Fourth

---

[1] The Magistrate Judge, in his February 6, 2015, Order, incorrectly identified the statute as 42 U.S.C. § 1395, a provision of the Social Security Act that prohibits federal officers or employees from exercising "any supervision or control

Amendment.  (Compl. at 1).  Plaintiff alleges also that the Court "has jurisdiction of this matter by virtue of the fact that the parties are citizens of different states and the damages being claimed exceed a million dollars."  (Id.).[2]

After reviewing the Complaint, the Court determined that Plaintiff did not plead sufficient facts for the Court to determine if it has personal jurisdiction over Defendants and whether venue is appropriate in the United States District Court for the Northern District of Georgia.  On December 14, 2015, the Court ordered Plaintiff to file, on or before January 15, 2016, an amended complaint that provides the Court with sufficient information for the Court to determine whether it has personal jurisdiction over Defendant Northwestern Memorial Hospital and Defendant Dean M. Harrison, and whether venue is appropriate in the United States District Court for the Northern District of Georgia.  (December 14, 2015,

---

over the practice of medicine or the manner in which medical services are provided . . . ."  (February 6, 2015, Order [2], at 2).

[2]     On January 15, 2015, Plaintiff filed an action, docketed as 1:15-cv-135, that is nearly identical to the action presently before the Court.  The defendant in that action was "Norwegian American Hospital."  On May 21, 2015, the Court ordered Plaintiff to file an amended complaint providing sufficient information for the Court to determine whether it has personal jurisdiction over Norwegian American Hospital.  (May 21, 2015, Order).  When Plaintiff failed to respond by the required deadline, the Court dismissed his complaint without prejudice.  (July 2, 2015, Order).

Order [4] ("Order").  The Court cautioned Plaintiff that failure to comply with the Order would result in dismissal of this action under Local Rule 41.3 A.(2).

To date, Plaintiff has not filed an amended complaint.  Local Rule 41.3 A.(2) provides that the court may dismiss a civil case if a "plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court."  L.R. 41.3 A.(2), NDGa.  Plaintiff failed to comply with the Court's Order, and the Court thus dismisses this action under Local Rule 41.3 A.(2).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** under Local Rule 41.3 A.(2) for failure to obey a lawful order of the Court.

**SO ORDERED** this 8th day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE